1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11             Plaintiff,                    No. 2:11-cv-02153 MCE KJN

12        v.

13   NORADINO SALAS, Individually and
     d/b/a Oscar's Mexican Food; ADELA
14   SALAS,

15             Defendants.              ORDER
     _____/
16

17             Presently before the court is plaintiff's motion for default judgment against

18   defendants Noradino Salas, individually and doing business as Oscar's Mexican Food, and Adela

19   Salas.[1]  (Mot. for Default J., Dkt. No. 10.)  Because oral argument would not materially aid the

20   resolution of the pending motion, this matter is submitted on the briefs and record without a

21   hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).  For the reasons stated below, the

22   undersigned denies plaintiff's motion for default judgment without prejudice for lack of a

23   sufficient showing of proper service of process.

24   ////

25   _____

26        [1]  This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1    I.      BACKGROUND

2             Plaintiff initiated this action on August 12, 2011, alleging violations of the

3    Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California's

4    Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.  (See generally Compl., Dkt. No. 1.)

5    Plaintiff, who is affected by quadriplegia and uses a wheelchair and a specially configured van,

6    alleges that defendants own, operate, manage, or lease a restaurant called Oscar's Mexican

7    Food,[2] which is located at 3061 Freeport Boulevard in Sacramento, California.  (See Compl.

8    ¶¶ 1-3 & Ex. B.)  Plaintiff alleges that defendants are liable under the ADA and the Unruh Civil

9    Rights Act because of architectural barriers to access at the business that plaintiff personally

10   encountered, which consist of a lack of: "the correct number and type of properly configured

11   disabled parking space(s) including the lack of a van accessible disabled parking space (no

12   disabled parking exists) . . . , [an] accessible route . . . , accessible restrooms . . . , [and an]

13   accessible entrance . . . ."  (Id. ¶ 4.)  Plaintiff also appears to allege that he encountered additional

14   barriers posed by a non-compliant door, which had an improper door width, door pressure, door

15   handle, and door closing speed.  (See id.)  Finally, plaintiff alleges that he encountered additional

16   barriers consisting of a lack of an "accessibility signage, striping, [an] accessible cashier/service

17   counter . . . , and [an] accessible dining bar & table."  (See id.)  Plaintiff alleges that the removal

18   of these "architectural barriers is readily achievable."  (Id.)  Plaintiff seeks injunctive relief to

19   cure the alleged barriers to the extent that correction is readily achievable, as well as statutorily

20   authorized money damages pursuant to the Unruh Civil Rights Act.  (See id. at 20-21; see also

21   Mot. for Default J. at 4-5 (seeking injunctive relief and $8,000 in statutory damages).)

22            On September 27, 2011, plaintiff filed two documents entitled "Affidavit of

23   Service" regarding the service of each defendant with the summons, complaint, and other related

24   documents (Dkt. No. 5).  In one Affidavit of Service, plaintiff's process server declares under

25
26        [2]  Exhibit B to the complaint, which consists of a Retail Food Facility Official Inspection
Report refers to the restaurant as "Oscar's Very Mexican Food."  (Compl., Ex. B.)

2

penalty of perjury that he effectuated substituted service on defendant **Noradino Salas** on

September 15, 2011, at 4:34 p.m., by serving Noradino Salas's son, "Adela Salas Jr.," at "A

RESIDENCE" (Dkt. No. 5 at 1).  That affidavit further states: "NO DILIGENCE OR MAILING

REQUIRED."  (Id.)  Despite the representation regarding service at a residence, the Affidavit of

Service further declares under penalty of perjury that such service occurred at the *business*

*address* alleged to be that of Oscar's Mexican Food: "3061 FREEPORT BLVD.,

SACRAMENTO, CA 95818."  (Id.)

The second Affidavit of Service completed by plaintiff's process server and filed

by plaintiff concerns the service of process and related documents on defendant **Adela Salas**

(Dkt. No. 5 at 2).  It is unclear from plaintiff's filings what familial or business relationship exists

between Noradino and Adela Salas.  As with the previously discussed Affidavit of Service,

plaintiff's process server declares under penalty of perjury that he effectuated substituted service

on defendant Adela Salas on September 15, 2011, at 4:34 p.m., by serving Adela Salas's son,

"Adela Salas Jr.," at "A RESIDENCE" (Dkt. No. 5 at 1).  The affidavit further states: "NO

DILIGENCE OR MAILING REQUIRED."  (Id.)  Despite the representation regarding service at

a residence, the Affidavit of Service further declares under penalty of perjury that such service

occurred at the *business address* alleged to be that of Oscar's Mexican Food, "3061 FREEPORT

BLVD., SACRAMENTO, CA 95818."  (Id.)

Despite these suspect affidavits addressing service of process, plaintiff requested,

on November 9, 2011, that the Clerk of Court enter default against defendants on the basis of

those affidavits.  (Req. for Entry of Default, Dkt. No. 6.)  On November 10, 2011, the Clerk of

Court entered the default of both defendants.  (Clerks Cert. of Entry of Default, Dkt. No. 7.)  In

entering default, the Clerk of Court stated that it appeared from the record and papers on file in

the action that defendants were duly served with process, but failed to appear, plead, or answer

plaintiff's complaint within the time allowed by law.  (See id.)

////

3

1    On November 15, 2011, plaintiff filed a status report with the court (Dkt. No. 8).

2    Plaintiff's status report represents to the court that "Defendants have been served, but have not

3    answered."  (Id. at 2.)

4    Despite plaintiff's representations to the court that defendants had been properly

5    served with process, plaintiff filed, on December 22, 2011, additional Proof of Service of

6    Summons forms and related documents (Dkt. No. 9) that materially contradict the representations

7    in each Affidavit of Service prepared by plaintiff's process server under penalty of perjury and

8    filed by plaintiff, who is an attorney and officer of the court.  As to defendant Noradino Salas,

9    plaintiff filed a Proof of Service of Summons form, executed on December 19, 2011, wherein

10   plaintiff's process server declares under penalty of perjury that he effectuated substituted service

11   on defendant Noradino Salas on September 15, 2011, at 4:34 p.m., by serving Noradino Salas's

12   son, "Adela Salas Jr." (Dkt. No. 9 at 5.)  Contradicting the prior Affidavit of Service, the Proof of

13   Service of Summons form declares that substituted service was effectuated at a business.  (Id.)

14   Also contradicting the previously filed Affidavit of Service, the later-filed form states under

15   penalty of perjury that plaintiff's process server mailed copies of the summons, complaint, and

16   related documents to Oscar's Mexican Food on September 16, 2011.  (Id.)  Plaintiff also filed his

17   process server's "Declaration of Diligence," which attempts to state what efforts were made to

18   serve Noradino Salas, but this declaration further contradicts the other documents addressing

19   service (Dkt. No. 9 at 7).  In particular, the Declaration of Diligence, again executed under

20   penalty of perjury, declares that plaintiff's process server was unable to effectuate personal

21   service on Noradino Salas, but effectuated substituted service by serving "Noradino Salas Jr." on

22   September 15, 2011, at 4:34 p.m.—this is the same date and time that plaintiff's Affidavit of

23   Service and Proof of Service of Summons declare under penalty of perjury that plaintiff

24   effectuated substituted service by serving "Adela Salas Jr."  Accompanying the Proof of Service

25   of Summons and Declaration of Diligence—which contradict one another—is a "check-the-box"

26   form that suggests without explanation that plaintiff effectuated service of process pursuant to

4

1   California Code of Civil Procedure § 415.20(b).[3]  (Dkt. No. 9 at 8).

2            In regards to defendant Adela Salas, plaintiff filed a similar Proof of Service of

3   Summons form, Declaration of Diligence, and "check-the-box" form regarding service (Dkt.

4   No. 9 at 1-4).  These forms, executed under penalty of perjury and filed by plaintiff, present all of

5   the same problems and contradictions as those pertaining to the service of defendant Noradino

6   Salas.

7            On March 12, 2012, plaintiff filed a motion for default judgment against

8   defendants and served a copy of the motion on defendants by U.S. mail at the business address

9   for Oscar's Mexican Food.  (Cert. of Serv., Mar. 12, 2012, Dkt. No. 10.)  Plaintiff's motion for

10  default judgment seeks statutory damages pursuant to the Unruh Civil Rights Act in the amount

11  of $8,000, which consists of minimum statutory damages of $4,000 for each of two actual visits

12  to the premises in question that resulted in discriminatory events.  (See Mot. for Default J. at 4.)

13  Plaintiff also seeks injunctive relief in the form of readily achievable property alterations

14  remedying all of the barriers alleged in the complaint except those presented by the door or doors

15  at Oscar's Mexican Food.  (See id. at 4-5.)  Plaintiff's motion, signed under penalty of perjury,

16  can be characterized as terse, and in no way explains the myriad contradictions regarding service

17  described above.  Indeed, plaintiff's motion does not address service of process at all.  A review

18
        [3]  California Code of Civil Procedure § 415.20(b) provides:
19
                If a copy of the summons and complaint cannot with reasonable diligence be
20          personally delivered to the person to be served, as specified in Section
            416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a
21          copy of the summons and complaint at the person's dwelling house, usual
            place of abode, usual place of business, or usual mailing address other than
22          a United States Postal Service post office box, in the presence of a competent
            member of the household or a person apparently in charge of his or her office,
23          place of business, or usual mailing address other than a United States Postal
            Service post office box, at least 18 years of age, who shall be informed of the
24          contents thereof, and by thereafter mailing a copy of the summons and of the
            complaint by first-class mail, postage prepaid to the person to be served at the
25          place where a copy of the summons and complaint were left.  Service of a
            summons in this manner is deemed complete on the 10th day after the
26          mailing.

1    of the court's docket reveals that defendants have not appeared in this action or filed a response

2    to the motion for default judgment.[4]

3    II.    LEGAL STANDARDS

4            Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a

5    party against whom a judgment for affirmative relief is sought who fails to plead or otherwise

6    defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

7    automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans,

8    238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25

9    (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

10   within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.

11   1980).  In making this determination, the court considers the following factors:

12           (1) the possibility of prejudice to the plaintiff, (2) the merits of
             plaintiff's substantive claim, (3) the sufficiency of the complaint,
13           (4) the sum of money at stake in the action[,] (5) the possibility of
             a dispute concerning material facts[,] (6) whether the default was
14           due to excusable neglect, and (7) the strong policy underlying the
             Federal Rules of Civil Procedure favoring decisions on the merits.
15

16   Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

17   disfavored.  Id. at 1472.

18           As a general rule, once default is entered, well-pleaded factual allegations in the

19   operative complaint are taken as true, except for those allegations relating to damages.

20   TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing

21   Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair

22   Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-

23   pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary

24

25           [4] Plaintiff's motion represents, however, that plaintiff "received a construction estimate letter
     dated September 22, 2011 from Defendant's contractor."  (Mot. for Default J. at 4.)  The motion
     further states that plaintiff made one unsuccessful attempt to discuss this case with Noradino Salas
26   on March 7, 2012.  (Id.)

6

facts not contained in the pleadings, and claims which are legally insufficient, are not established

by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing

Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh,

503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-

pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004)

("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default

conclusively establishes that party's liability, but it does not establish the amount of damages.

Geddes, 559 F.2d at 560.

III.    DISCUSSION

        The undersigned declines to conduct an analysis of the Eitel factors in light of

material concerns about whether service of process was properly effectuated in this case.[5]  As a

preliminary matter, a court must first "assess the adequacy of the service of process on the party

against whom default judgment is requested."  Bricklayers & Allied Craftworkers Local Union

No. 3 v. Palomino, No. C-09-01589-CW (DMR), 2010 WL 2219595, at *2 (N.D. Cal. June 2,

2010) (unpublished); accord BR N. 223, LLC v. Glieberman, No. 1:10-cv-02153 LJO-BAM,

2012 WL 639500, at *3 (E.D. Cal. Feb. 27, 2012) (unpublished) ("As a general rule, and of

particular importance considering the procedural history of this case, the Court considers the

adequacy of service of process before evaluating the merits of Plaintiff's Motion for Default

Judgment.").  It is fundamental that "[b]efore a federal court may exercise personal jurisdiction

over a defendant, the procedural requirement of service of summons must be satisfied."

Palomino, 2010 WL 2219595, at *2 (quoting Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.,

484 U.S. 97, 104 (1987), superseded by statute on other grounds, Futures Trading Practices Act

of 1992, Pub. L. No. 102-546, § 211, 106 Stat. 3590, 3607-08 (1992), also citing Direct Mail

Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (stating

        [5] The undersigned notes that plaintiff's perfunctory motion for default judgment does not
address the Eitel factors.

1    that "[a] federal court does not have jurisdiction over a defendant unless the defendant has been

2    served properly" under Federal Rule of Civil Procedure 4, which requires service of summons

3    and complaint)).

4            Because default judgments generally are disfavored, courts have required "strict

5    compliance with the legal prerequisites establishing the court's power to render the judgment."

6    Palomino, 2010 WL 2219595, at *3 (quoting Varnes v. Local 91, Glass Bottle Blowers Ass'n,

7    674 F.2d 1365, 1369 (11th Cir. 1982)).  Where the party seeking a default judgment has not

8    shown that the defendant has been provided with adequate notice of an action, "it is inappropriate

9    to conclude that the defendant 'has failed to plead or otherwise defend'" under Federal Rule of

10   Civil Procedure 55(a).  Id. (citing Downing v. Wanchek, No. CIV S-07-1599 JAM EFB, 2009

11   WL 256502, at *3 (E.D. Cal. Jan. 30, 2009) (unpublished) (quoting Federal Rule of Civil

12   Procedure 55(a)), adopted by 2009 WL 1211658 (E.D. Cal. Apr. 29, 2009) (unpublished)).

13           Here, as discussed in detail above, plaintiff's various filings concerning the

14   service of process and related documents on defendants are contradictory in several material

15   respects.  The numerous discrepancies need not be repeated in detail here.  It is enough to note

16   that plaintiff's forms entitled Affidavit of Service, Proof of Service of Summons, and Declaration

17   of Diligence, all of which were executed by plaintiff's process server under penalty of perjury

18   and filed by plaintiff as an officer of the court, raise serious and material questions about whether

19   service was ever properly effectuated on either defendant.  For example, it is unclear from

20   plaintiff's submissions whether: (1) substituted service was effectuated at the subject business or

21   at a residence; (2) substituted service was effectuated on "Adela Salas Jr." or "Noradino Salas

22   Jr." despite representations that such service occurred on the same exact day and time by the

23   same process server; and (3) process was ever mailed to either defendant after the purported

24   substituted service.  Moreover, plaintiff's filings raise the question of whether plaintiff's process

25   server perjured himself before this court.

26   ////

1    Plaintiff's motion for default judgment does nothing to answer these questions or

2 allay concerns arising from the material discrepancies in plaintiff's filings concerning service of

3 process.  As noted above, plaintiff fails to address service at all in his motion, providing no

4 factual or legal basis on which the court may conclude that service of process was properly

5 effectuated.  Given that default judgments are ordinarily disfavored, see Eitel, 782 F.2d at 1472,

6 and that proper service upon non-appearing defendants is a prerequisite to the entry of a default

7 judgment, the undersigned exercises the court's discretion and denies plaintiff's motion without

8 prejudice.

9 IV.    CONCLUSION

10    For the foregoing reasons, IT IS HEREBY ORDERED that:

11    1.    Plaintiff's motion for default judgment (Dkt. No. 10) is denied without

12 prejudice.

13    2.    The Clerk's Certificate of Entry of Default (Dkt. No. 7) is vacated without

14 prejudice to plaintiff attempting to again obtain a clerk's entry of default.

15    3.    After obtaining a proper clerk's entry of default, plaintiff may re-file his

16 motion for default judgment, this time providing necessary details regarding how service of

17 process was allegedly effectuated in this case and discussing the authorities that confirm such

18 service was legally proper.  Should plaintiff re-file a motion for default judgment, plaintiff's

19 memorandum of points and authorities must include a detailed discussion of service of process

20 upon the non-appearing defendants, *including* identification of the specific type and manner of

21 service that was ultimately effectuated, the date or dates of such service, *and* the legal authorities

22 under which such service was completed.  For instance, if plaintiff alleges that service was

23 effectuated through substituted service on defendants' son, plaintiff shall cite to the applicable

24 procedural rules providing for such substituted service and describe precisely how the alleged

25 service attempts meet all elements of the applicable rule or rules governing service.

26 ////

9

4.     Plaintiff frequently files motions for default judgment in this court.  All motions for default judgment filed by plaintiff in the future shall include a detailed discussion of the factual and legal basis for the assertion that service of process was properly made.

a.     Such discussion shall be included in a separate section of plaintiff's memorandum of points and authorities filed in support of a motion for default judgment and shall bear the heading "Service of Process: Factual Background And Legal Authority Pursuant To Which Service Was Proper."  Beneath that heading, plaintiff shall include the factual *and* legal bases under which plaintiff alleges service was properly effectuated.  Plaintiff shall specify the precise rule or rules providing for the method of service he alleges was completed.  Plaintiff's citations to these rules *must also include the applicable subsection* of the rule rather than a broad citation to, for example, "Federal Rule of Civil Procedure 4."

b.     If plaintiff fails to include the above-described discussion in his future motions for default judgment, such motions may be summarily denied without prejudice.  The court will not comb through affidavits of service and other deficient or contradictory filings in an effort to decipher what method of service purportedly occurred; nor will the court complete plaintiff's task of determining which procedural rules might render service of process proper in a given case.

IT IS SO ORDERED.

DATED:  April 5, 2012

Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE